Case number 093411, People v. Mattel-McCurry. Counsel, please approach. Good morning. Give us your names. Let us know who you represent. My name is Jonathan Krieger. I'm here on behalf of Mattel-McCurry. Okay. Christine Cook, Assistant State's Attorney on behalf of the people. Okay. Same drill as always, 15 minutes per side. Save some time for rebuttal. May it please the Court. For decades, every sentence imposed in Illinois has been a determinant one. The statute sets a range of punishments, and the trial court imposes a sentence within that range. When my client was convicted, the MSR term ranged from three years to life. The Court should have imposed a sentence within that range but didn't. We're asking for this Court to remand for the lower court to impose a specific MSR term. I have two points I'd like to emphasize this morning. First, that the plain language of the statute indicates that the MSR term is a determinant one. And second, contrary to the State's arguments, the law enacting the three years to life MSR term does not create a comprehensive system. First, this Court need not look beyond the plain language of the statute. Since February 1978, every time a range of punishment is mentioned in a corrections code, the trial court must select a punishment within that range. This does not apply only to imprisonment, but also to fines, probation, conditional release, and to MSR. The State has cited no other instance when a range of punishments is mentioned in the corrections code and a court has called it indeterminate. In every case, a trial court selects a term within the sentencing range. If the legislature had wanted to depart from this longstanding policy, it would have been crystal clear. There is no clarity in this case. The only changes mirror the MSR provisions for other offenders. They're cut from the same cloth, basically. This brings me to my second point. Contrary to the State's argument, the law enacting the three years to life MSR provisions does not create a comprehensive system for the Prisoner Review Board to handle MSR. In all cases involving MSR, the trial court imposes a sentence and the PRB sets the conditions for the MSR. Sex offenders are no different than any other offenders with regard to when the sentence is set and who determines the conditions. In addition, sex offenders, like other offenders, apply for early discharge from their MSR through the exact same mechanism as other offenders. A comprehensive system administered by the Prisoner Review Board would include a mechanism for giving the defendants notice for when a term is set or when it was modified. There is no such notice in the statute. In addition, a comprehensive system would provide criteria for how the Prisoner Review Board would determine whether to set the sentence at three years or at life or somewhere in the middle. The section of the code for the Prisoner Review Board includes criteria for older pre-1978 cases that are trying to determine when someone would be released, but there's no comparable criteria for determining an MSR term. There's no comprehensive statute. Because there's no comprehensive statute for the Prisoner Review Board, the usual sentencing actor, in this case the trial court, has the power to set the sentence. Unless this court has any questions, I will conclude. In sum, the circuit court alone has the power to set a sentence within the sentencing range. We ask this court to remand for the lower court to impose the sentence. Let me ask you while you're standing here, what's your position? We've got two cases from two different districts, Reinhardt and Schneider. Why don't you give us your best five-minute argument or whatever on why one case is correct and the other is wrong? I think Reinhardt is obviously the case to follow here. Schneider, I think, finds ambiguity where there is no ambiguity. It says that the three years to life MSR provision can be read in three different ways, and I think it can only be read in one way given Illinois' policy of determinate sentencing. Because it doesn't find that the plain language is clear, it goes to the In Para Materia statute of construction. I think if you go to that, it only benefits us. The provision for setting three years to life MSR is in the part of the code which deals with sentencing, but the only actor is the trial court. Whereas the provisions for the conditions of sentence, early discharge, that sort of thing are in the section on the Department of Corrections and specifically in the Prisoner Review Board. In fact, the only reference to the length of the term within the section of the code devoted to the Prisoner Review Board refers you back to the trial court, to the section on the trial court which lists the three years to life MSR. So you say that because Illinois has a policy of determinate sentences, sentencing rather, that this must be interpreted as such. Why can't this legislation be interpreted as a departure from a policy of determinate sentences, at least as it relates to this specific area? Because of the recidivism rate and the need to address that. I think that if the court of the legislature, of course, could depart from this policy, but if it would do so, if it did, so I would imagine that it would do it more clearly than, that it would do it clearly and it's not clear in this case at all. It's because it's not clear and it's because it's ambiguous that we have to use these interpretive tools, right? No, I disagree. I think that it's clearly a determinate, the trial court must put a determinate sentence in. If they wanted to, I think it's safe to say that the default is determinate sentencing, and if they wanted to go away from the default, they would need to do it clearly. And the only clarity in this case is that the trial court is the one who needs to impose the sentence within there. I don't think that the language is ambiguous at all. But that if you do go to these other statutes of construction, they show that the trial court is the sentencing actor. There are other ways to charge somebody with sex crimes. There's the Sexually Violent Persons Act and I can't think of the other one. Is this, you know, the change to this statute, is that talking about those kind of crimes or, I mean, does this defendant fit within the great risk of recidivism? I haven't looked at the statutes about sexually dangerous persons or, I mean, I think he would qualify for the sexual offenders registry, that sort of thing. My opposing counsel cites to the Sexually Dangerous Persons Act, and I think that that's a helpful contrast in that it does, it is a comprehensive system. It indicates, you know, the charge, the adjudication, the criteria, that sort of thing. And crucially, it says that the person will be held until they're no longer determined to be a sexually dangerous person. This defendant was not tried under that theory at all, right? That's a civil, it's parallel, but it's different. Let me ask you something else. You rely on and embrace the Reinhart decision. In Reinhart, the court has said that the trial court, and not the Department of Corrections, is in the best position to determine whether a defendant should serve a particular period of time on MSR. How is it in, let's take this case in particular, where the defendant is sentenced to 27 years, and because of the 85% requirement as it relates to the aggravated criminal sexual assault sentences and the 50% on the aggravated domestic abuse, or violence, battery rather, we know that he's going to serve real time of over 20 years. How can you conclude, and how could the court conclude in my way of thinking, that the trial court, 20 years before his release, is in the best position to determine the risk he's going to pose to society 20 years in the future, as opposed to the Department of Corrections, who has specially trained individuals, who's also going to set the conditions and also going to monitor the individual, and has had intimate contact with that individual for that 20-year period? Well, in every other MSR case, including this one, the Prisoner Review Board has the opportunity to discharge a sentence, but that doesn't give them the right to set the sentence, which is to say that the trial court, who's heard all of the witnesses, who's heard all of the aggravation and mitigation, at that point is, I think unquestionably, in the best position to say how much time should this person serve in terms of both prison and in terms of MSR. However, if later on the Prisoner Review Board determines that he's been an outstanding prisoner, that he's no longer, he's gone through therapy, he's no longer a threat, they can discharge the MSR sentence. Isn't that the problem? Isn't that the inconsistency in your position and in the Reinhart decision that the Prisoner Review Board has the opportunity to terminate early, but not to extend? So if they determine the person no longer poses a risk, they can end the MSR, but if it's a day before the fixed termination date, and they determine he still continues to pose a great risk to society, there's no remedy, is there? I mean, that's the civil provisions are sexually dangerous persons. If someone was in that position, they certainly could be detained civilly. But they may not meet the criteria under the Sexually Violent or Dangerous Persons Act, and still, in the criteria established by the board, pose some risk. There are no criteria established by the board. That's the problem, that there's no way of determining what the sentence would be. Yeah, I mean, they said the conditions as to, they can say whether he follows the conditions, and from what I understand, the conditions for MSR are almost always the same for every defendant. Well, what are the factors the trial court should consider then in determining the fixed term? I would say the same criteria that they would determine, that they would use to determine what the prison sentence is, and those are listed in the statute. The same, you know, deterrence, the amount of harm that was done to the defendant in terms of aggravation, and all the sexual mitigations. The risk of future harm, the nature and circumstance of the offense, perhaps, but many of the other factors in aggravation and mitigation that the court would consider in determining an appropriate sentence really don't speak to a potential threat 20 years down the road. That's right, Your Honor. But if, I would say that the early discharge is a, the early discharge and the Sexually Dangerous Persons Act are, I guess, a safety valve. If someone, if the trial court made a mistake, and it turns out that the person is incredibly dangerous and can't be held, I mean, as you said, he's going to be serving over 20 years, and by then he hasn't, they don't think that he should be let out into society, then certainly they can seek that under the Sexually Dangerous Persons Act. To interpret the way that the statute, the way you urge us to and the way Reinhart did, wouldn't we be encouraging, or wouldn't we be susceptible to the practical effect of the trial court setting a natural life term in all of these cases as a default position and then not taking any risk and let the department thereby have all the authority, which is essentially what Snyder's done? I think that's what Snyder's done, exactly. Well, I'm saying what they've done by giving it to the department. Yeah, I think that the trial court, I mean, it's possible that the trial court would do that, but under the State's interpretation that's going to be happening anyways. I think the trial court is in a good position having heard all of the evidence and sentencing. Is that your read of the State's position, that in every case now the trial judge in putting the MSR out there, it should be three to life, three to life, three to life? Yes. In that sense that it's mandatory? If it's indeterminate, according to the State's position, I'm asking you to put words in their mouth, do you believe then that that's effectively a mandatory requirement? I think so. I think it's a default mandatory. There's no way from the problems, there's no way from the statute of knowing who determines what the sentence is under the State's interpretation. There's no way of knowing whether the prisoner review board, whether the Department of Corrections, whoever decides what the term is. In Illinois, the trial court decides what the term is, and I think that that's the only reasonable interpretation of the provision. Thank you, counsel. Thank you. Other people? May it please the Court, counsel, sex offenders are different, and I'd like to pick up on Justice Sterb's notifications or his arguments cited earlier. The legislative departure, now making MSR for sex offenders to be indeterminate, is a clear indication that the legislative people in this, or the legislature in this State, have required that sex offenders be treated differently. And if there's any question, let's look at a comprehensive statutory scheme. I don't think it's an intellectual argument to claim that this is a statutory solitary provision. It's a comprehensive scheme, and any argument to the contrary simply is incredible. Did you include any legislative history? I did. Okay. And what does the legislative history indicate with what the trial judge is supposed to do in these circumstances? The trial judge is supposed to impose an MSR term from three years to life. And after the three years, that decision is supposed to be shifted to the Department of Corrections, whose function it is, and has special agents to monitor the sex offenders. I'm looking at the third reading of the bill in the Senate, where Senator Harmon from Oak Park says something that I think is a little different, and I'm going to ask you to comment on it. And I'm quoting, It permits courts to enact lifetime supervision for the highest risk sex offenders. It permits courts. His language isn't that it mandates or it requires courts to put in a three-to-lifetime MSR, as I think you're suggesting here today. Well, the problem with that is, as Justice Sterbin noted earlier, requiring a determinate MSR at sentencing requires incredible clairvoyance on part of the trial court. The trial court has no idea what the recidivists. I understand what your position is there, but I'm just saying that when the legislature talked about this, the person who presented it to the Senate, where it passed, of course, unanimously, the sponsor said it permits courts to enact lifetime supervision for the highest risk sex offenders. It didn't say that it requires courts to put in an indeterminate three years to life. So I'm trying to figure out how do we balance these two. I think you're taking that statement slightly literary and maybe perhaps out of context. The statement is that a trial court or the DOC, after the three years is up, has the ability to mandate or to monitor somebody for life. It doesn't require them because there is a specific provision for early release from MSR. I thought you just told us that the trial court had to, in every case, three to life. Because then it will be monitored by specialized people in PBR and DOC, and at the time that those specialists determine that he is no longer a risk to the public, a petition for release will be made. Let's look at not the legislative history for a moment, but just the actual language of the statute. And the problem that I have with it, with your position, is that it says that the term of the MSR shall range from a minimum of three years to a maximum of natural life. It doesn't say that the term shall be three years to life. It says that it shall range. Just the plain language of the statute, to me, suggests that the trial court is supposed to, is given the power to give a minimum of three and a maximum of natural life, but that means that the court has to come up with a number because they're saying it shall range. Right. But it doesn't say it shall be a determinate sentence of three years to natural life either. No, but it says it shall range. It doesn't say that it shall be. And if we want to look at the literal words instead of, you know, maybe what some senator said on the floor, the literal words of the statute, the way I read them, suggests that it is a determinate because it says that it shall range from three to life. Respectfully, I disagree. If the legislator intended for a determinate MSR to be entered on this, it would have specifically stated shall be a determinate sentence of a minimum of three years to life. And also, Justice, respectfully, it ignores the rest of the substantive legislation on this issue, that the PBR has provided powers under the Unified Code of Corrections, that the length of parole and MSR discharge in 338, they allow for a specific statutory provision to be released from MSR because there is not going to be a definite determinate MSR date at the time of sentencing. Is every sex offender a highest risk sex offender? No. Okay. What was it about this person, this defendant, Mr. McCurry, that made him a high risk sex offender that should be subject to a mandatory lifetime supervision? I don't believe he was convicted as a high risk sex offender. Why is he saddled with this then? Because he's statutorily qualified to be under MSR for aggravated criminal sexual assault, which was the conviction for which he was, he stood. How is that fair to Mr. McCurry? He's a sex offender. I ask you though, is he the kind of highest risk sex offender that ought to be subject to the type of mandatory lifetime supervision MSR that you suggest? Exactly. We don't know. And that's why the PBR and the DOC are required to file reports every 180 days. For all we know, the specialist, the specially trained PBR officer, could, after three years, move to terminate his MSR because he is not a high risk offender. That's exactly the point. Well, you suggest that this is some kind of an outlier argument. The Reinhardt case would support the defendant here and not the state. Oh, sure. Reinhardt supports the defendant, but it ignores the whole statutory scheme and treats the MSR for under 581 as a solitary provision, and it's not. It simply isn't. Not only does it require a court to be clairvoyant well ahead of time, and it's just as Sturman noted at sentencing, all we know about the defendant is his past. What this requires is what his danger is in the future, which is exactly why a determinant MSR cannot be made for sex offenders because of the high recidivism rate and because sex offenders are different. Reinhardt simply ignores the statutory scheme. It fails to recognize, it fails to make sense that the trial court would be placed in this position to be a mind reader of what his future sex offenses are going to be because that's not included in any kind of sentencing order. It's just simply not there. Respectfully, counsel, I don't think it's a matter of being a mind reader. I think it's a matter of being a statute reader. And the reader here of this statute sees that it shall be, that it shall range from three to life, not that it shall be three to life. I think there's a difference. There is a difference, which is exactly why the PBR has been provided powers under that sentencing provision under 338 because that section allows the PBR to enter an order releasing a defendant from parole or mandatory supervisory release when it determines that the defendant is likely to remain at liberty without committing another offense. And respectfully, Justice, it also ignores that section 314.2.5, sex offenders on extended MSR. The department shall retain custody of all sex offenders placed on MSR, pursuant to clause of section 581, and shall supervise such person during their term of supervised release in accordance with the conditions set by the PBR of section 337. This whole statutory scheme is simply meant to monitor their future conduct. The range of a minimum of three years to maximum of natural life does not require natural life for every defendant. That's precisely why this statutory scheme has been enacted, because if a defendant is not some predatory high-risk sex offender, he has every option to be released after three years after, according to Public Act 94-165, a specialized PBR-trained officer determines he is no longer at risk as a recidivist. Isn't it consistent with the thinking that that's why the board has the authority to impose certain conditions because they're in the best position to determine what particular conditions this particular individual needs? Absolutely. The same reason they're in a unique position to determine far down the road what risk he poses to society. Absolutely. Okay. Let's move on. We're beating a dead horse here. I agree in Reinhardt that that's the decision. That's the next case. That's the decision. You've got another case that you've got to deal with. Respectfully, Your Honors, this Court has got to see this as a statutory scheme to ignore the other provisions, which are clearly written in conjunction with 581, is to ignore the legislative intent. And that is why the other statutory provisions exist in harmony with 581. If there are any further questions from this Court, the people of the State of Illinois respectfully request that this Court affirm the defendant's conviction and the three years to life MSR in this case. Thank you. Thank you. Anyone want to make a comment? The Posting Council cites the provision on extended supervision of sex offenders. I would direct Your Honors' notice to the provision immediately above it, which refers to supervision for non-sex offenders. It contains the same language, the department shall retain custody, et cetera, et cetera. The only difference is that in the case of sex offenders, these reports need to be filed every 180 days. Contrary to what the Posting Council says, the provision does not say that the reports need to be filed until the defendant is no longer a risk. It's simply a reporting requirement, which mirrors the reporting requirement for every other defendant who is on MSR who commits a violation. When there's a violation, the report needs to go to the Prisoner Review Board. Thank you. Thank you. Thanks, Counsel. Great briefs and argument. We'll take it under advisement.